UNITED STATES OF AMERICA

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAN PETER FROHM,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

Case No. C06-1665MJP

ORDER AFFIRMING COMMISSIONER'S DECISION

This matter comes before the Court on Plaintiff's appeal from the Social Security Commissioner's final decision granting him Disability Insurance Benefits from August 1996 to June 1998 but denying him benefits for all later time periods. (Dkt. No. 10.) Having considered Plaintiff's opening brief, Defendant's response (Dkt. No. 12), Plaintiff's reply (Dkt. No. 13), all documents submitted in support thereof and the record herein, the Court AFFIRMS the Commissioner's decision.

**Background**

On December 13, 1997, Plaintiff Jan Peter Frohm filed an application for a Period of Disability and Disability Insurance Benefits under Sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423. (Dkt. No. 7, at 15). He alleged that he had been unable to work since August 1, 1996, due to back pain. (Id.) Prior to that time, Mr. Frohm had been employed as a firefighter and fire alarm electrician, with special training in industrial fire and safety management. (Id. at 128, 133, 144.)

An Administrative Law Judge ("ALJ") denied Mr. Frohm's claim for benefits, (id. at 16) and the Appeal Council denied review. (Id. at 6.) This Court affirmed the ALJ's decision, but the Ninth Circuit reversed and remanded on the grounds that the ALJ had used improper standards in

evaluating Mr. Frohm's credibility and subjective accounts of pain. See Frohm v. Barnhart, 58 Fed. App'x 712 (9th Cir. March 12, 2003) (unpublished).

Upon remand in October 2005, a different ALJ granted Mr. Frohm's claim for benefits from August 1, 1996, to June 30, 1998, on the grounds that Mr. Frohm was disabled due to lower back pain. However, the ALJ denied benefits for all later time periods. (Dkt. No. 7, at 401). Mr. Frohm appealed the partial denial of benefits to the Appeals Council, which declined to exercise jurisdiction. (Id. at 372.) Mr. Frohm then filed the present action on November 17, 2006, challenging the Commissioner's decision to deny Mr. Frohm benefits after June 30, 1998. (Dkt. No. 1).

**Discussion**

**I.   Standard of Review**

In declining jurisdiction, the Appeals Council stated that the ALJ's decision in October 2005 is the final decision of the Commissioner. (Dkt. No. 7, at 372). The Court must uphold the Commissioner's final decision if it is supported by substantial evidence and is free from legal error. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999).

**II.   The ALJ properly determined that Mr. Frohm engaged in Substantial Gainful Activity during the period after June 1998. Under Step 1 of the Sequential Evaluation Process, this means that Mr. Frohm is not eligible for benefits.**

Eligibility for Social Security disability benefits is measured by a five-step Sequential Evaluation Process. See generally, 20 C.F.R. § 404.1520. Under Step 1 of this process, an applicant is not disabled, and thus not eligible for benefits, if he is "doing substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). The applicant bears the burden of proving that he is not engaged in substantial gainful activity at this step in the process. See Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

The federal regulations clarify what constitutes substantial gainful activity for self-employed individuals such as Mr. Frohm. Under the regulations, a self-employed individual is

engaged in substantial gainful activity if he "render[s] services that are significant to the operation of the business and receive[s] a substantial income from the business." 20 C.F.R. § 404.1575(a)(2)(i).[1] "Significant services" are defined as contributing more than half the total time required for the management of the business, 20 C.F.R. § 404.1575(b)(1), while "substantial income" is defined as earning more than $500 per month before June 1999 and more than $700 per month (adjusted for cost-of-living) thereafter. 20 C.F.R. §§ 404.1574(b)(2); 404.1575(c)(2).

Under this standard, the ALJ's conclusion that Mr. Frohm was engaged in substantial gainful activity after June 1998 was supported by substantial evidence. For instance, Mr. Frohm testified that he had done a safety inspection on twelve buildings for a church in August 1998. (Dk. No. 7, at 65). He testified to netting over $10,000 installing security cameras at a jewelry store in December 1998. (Id. at 57-58.) He testified to certain other, non-specified inspections in 1999. (Id. at 604.) And in December 2001, he reported to his doctor that his current job required him to inspect fire extinguishers at thirty buildings, twice a year. (Id. at 481.)

These activities satisfy the "significant services" element of the "substantial gainful activity" analysis. Although Mr. Frohm's son-in-law apparently helped him with the jewelry store job, it appears that Mr. Frohm did all his inspection work alone. He clearly contributed more than half the total time required for his business, as required by the federal regulations.

Whether Mr. Frohm's work satisfies the "substantial income" element of substantial gainful activity is less clear. Other than testimony that the jewelry store job netted him $10,000, and that his church contract was for $21,000, (id. at 595) there is little evidence about Mr. Frohm's numerical earnings. Notably, Mr. Frohm's counsel concedes that the administrative record contains no tax returns documenting Mr. Frohm's income for any year but 1998. (Dkt. No.

---

[1] This is only the first of three tests for determining substantial gainful activity. But the regulations state that the latter two tests should only be considered if the applicant is found not to have engaged in substantial gainful activity under the first test. See 20 C.F.R. § 404.1575(a)(2) ("If you have not engaged in substantial gainful activity under test one, then we will consider tests two and three.").

13, at 4). And even the 1998 tax return is not properly before this Court, as it was not presented to the ALJ at the time he made the decision under review. (Dkt. No. 7, at 377.) See Az. Cattle Growers' Ass'n v. U.S. Fish and Wildlife Serv., 273 F.3d 1229, 1245 (9th Cir. 2001) ("Judicial review of an agency decision typically focuses on the administrative record in existence at the time of the decision and does not encompass any part of the record that is made initially in the reviewing court.").

In the absence of documentary evidence showing that Mr. Frohm's income was below the substantial gainful activity threshold level, the Court must uphold the ALJ's determination that Mr. Frohm engaged in substantial gainful activity. To reiterate, Mr. Frohm bears the burden of showing that he did not engage in substantial gainful activity during the applicable time period. Tackett, 180 F.3d at 1098. Mr. Frohm cannot meet this burden without providing quantitative evidence that his income was below substantial gainful activity levels, particularly because he clearly earned some significant business income after June 1998.

In short, the ALJ properly determined that Mr. Frohm engaged in substantial gainful activity during the post-June 1998 period and therefore is ineligible for disability benefits under Step 1 of the Sequential Evaluation Process. Given this conclusion, the Court need not consider the other steps of the Sequential Evaluation Process. See 20 C.F.R. § 404.1520(a)(4).

## Conclusion

Because substantial evidence supported the Commissioner's determination that Mr. Frohm engaged in substantial gainful activity throughout the post-June 1998 period, the Commissioner properly denied Mr. Frohm benefits for that period. Given that conclusion, the Court need not consider the other steps of the Sequential Evaluation Process. Therefore, the Court AFFIRMS the Commissioner's final decision.

Filed this 3rd day of August, 2007.

Marsha J. Pechman
United States District Judge